IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Garris E. Amerson, #327139, | ) | C/A NO. 4:11-3266-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Warden Stevenson, Broad River Corr. Inst., | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's motion titled "Recusal and Reappointment of Judge." ECF No. 19 (filed Mar. 1, 2012). Petitioner contends that this court should recuse because of a potential bias based upon a prosecution of Petitioner in 1991 in which the undersigned was the prosecuting attorney. *See* Mot. at 1. The state court conviction underlying the current § 2254 petition is not the matter for which Petitioner was prosecuted in 1991.

Petitioner's motion for recusal is governed by 28 U.S.C. § 455(a),[1] which provides as follows: "Any justice, judge or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(b)(1) is also implicated as it requires recusal when a judge has "a personal bias or prejudice concerning a party." Thus, Section 455(a) looks to whether there is a reasonable basis on which to question the judge's impartiality.

---

[1]Petitioner's motion also seeks recusal under 28 U.S.C. § 144. As is required by § 144, Petitioner includes an affidavit in his motion. However, the affidavit is statutorily insufficient, as it does not specify that Petitioner is proceeding in good faith. Therefore, the court's analysis will proceed under § 455.

1

"[A] judge should participate in cases assigned" absent "a legitimate reason to recuse." *See, e.g.*, *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000) (internal quotation marks omitted). "[I]t is equally clear from this general proposition that a judge may *not* sit in cases in which [her] 'impartiality might reasonably be questioned.'" *Holland*, 519 F.3d at 912 (quoting 28 U.S.C. § 455(a)); *see also id.* § 455(b) (enumerating circumstances requiring recusal).

Applying a purely objective test,[2] the court considers whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *Cherry*, 350 F.3d at 665. *See also In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990) (stating that objective component requires the court to decide "whether a reasonable person [would perceive] a significant risk that the judge will resolve the case on a basis other than the merits."). A "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Id.* at 386. Additionally, a decision whether to recuse under Section 455(a) "is necessarily fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 913.

Petitioner argues that because he was acquitted in a high-profile drug distribution case prosecuted by the State of South Carolina's state-wide grand jury, for which the undersigned was the prosecuting attorney, an "actual or apparent judicial prejudice may exist . . . ." Mot. at 1. The court finds that a reasonable person with knowledge of the relevant facts and circumstances might

---

[2]Some courts address a recusal motion pursued under Section 455(a) in two distinct steps, applying both objective and subjective components. *See Holland*, 519 F.3d at 914-15. Other courts, including the Fourth Circuit, consider the test a purely objective one. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

question this court's ability to be impartial. Out of an abundance of caution, therefore, the undersigned recuses under 28 U.S.C. § 455(a). This matter shall be assigned to another District Judge of this District.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 2, 2012