UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GARRIS E. AMERSON, ) | C/A No. 4:11-3266-DCN-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| WARDEN STEVENSON, BROAD RIVER ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Garris E. Amerson (Petitioner/Amerson) is currently incarcerated at the Broad River Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 2, 2011. Respondent filed a motion for summary judgment on January 20, 2012, along with a return, supporting memorandum and exhibits. (Doc. #15). The undersigned issued an order filed January 26, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #16). On March 8, 2012, Petitioner filed a response to the motion for summary judgment. (Doc. #18). Respondent filed a reply on March 15, 2012. (Doc. #23).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# PROCEDURAL HISTORY

Petitioner is currently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Florence County. Petitioner was indicted by the Florence County Grand Jury during the August 2007 Term of the Florence County Court of General Sessions for one count of Felony Driving Under the Influence - Causing Death, and one count of Hit and Run Causing Death (2007-GS-21-1184). (App. 103-04). Petitioner was represented by Jim Cox, Esquire. (App. 1-31). The State was represented by Assistant Solicitor Elaine Cooke of the Twelfth Judicial Circuit. Id. On March 13, 2008, Petitioner waived his right to a trial by jury and pleaded guilty to the Hit and Run Causing Death charge before the Honorable Howard P. King, Circuit Court Judge. Id. As part of the plea, the State dropped the felony DUI charge. (App. 3). Judge King sentenced Petitioner to sixteen years confinement for the conviction. (App. 30).

Petitioner did not file a direct appeal. On February 12, 2009, Petitioner filed an Application for Post-conviction Relief ("PCR"). In his PCR application, Petitioner raised the following issue:

1. Denied the effective assistance of counsel during plea negotiations. And by such counsel's erroneous advice caused plea of guilty that was coerced.

Facts in support: Counsel erroneous advise that consisted of an incorrect understanding of the applicable law and counsel's promise of particular sentence induce a coerced guilty plea. Counsel for Applicant advised the if he plead[ed] guilty to the offense he would receive no more than 10 years, and very highly likely only 8-years. Applicant advised counsel that (he) did not leave the scene of the accident to avoid detection or responsibility. Applicant advised counsel he left the scene to seek help for his passenger who was his girlfriend and himself. Applicant received serious injuries that caused him to be confused and disoriented, as a result applicant lost his sense of direction, w[a]ndering aimlessly until he finally was

> able to find his way to a naboring[sic] home where he advised the resident of the accident and need for emergency assistance. Applicant further advised counsel that he blood/alcohol test administered to him, well after the accident should be suppressed as not lawfully administered or correct and thereby not creditable[sic].

(App. 33-38).

Petitioner filed an amended application for PCR. (App. 40-67). In the amended application, Petitioner raised the following claims:

> I. Was defense counsel ineffective for not obtaining or requesting a psychological evaluation for the Applicant prior to advising him to plead guilty?
>
> II. Was the plea invalid due to the plea court making it conditional?
>
> III. Was defense counsel ineffective in failing to ensure that the Applicant voluntarily, intelligently, and knowingly entered the plea pursuant to the mandates set forth in Boykin v. Alabama and Rule II, F.R. Crim, p.
>
> IV. Was defense counsel ineffective for advising Applicant to plead guilty when valid defenses existed to proceed to trial?

(App. 51).

An evidentiary hearing in the PCR action was held before the Honorable Thomas A. Russo, Circuit Court Judge, on September 9, 2009. (App. 72-95). Petitioner was present and represented by Charles T. Brooks, III, Esquire. The State was represented by Assistant Attorney General Julie M. Thames. The PCR Court filed its Order of Dismissal on October 8, 2009. (App. 96-102). Petitioner timely served and filed a notice of appeal on October 12, 2009. On appeal, Petitioner was represented by Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal to the PCR Court's Order was perfected with the filing of a petition for Writ of Certiorari. In the petition, Petitioner presented one issue:

3

Did trial counsel render ineffective assistance of counsel when he did not ask the trial court judge to reconsider the 16 year sentence he imposed on Petitioner when that sentence, under these circumstances, was excessive and did not take into consideration Petitioner's significant mitigation?

The State filed a Return to the Petitioner for Writ of Certiorari. In a letter Order filed November 2, 2011, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. The remittitur was issued on November 18, 2011.

## HABEAS ALLEGATIONS

Petitioner filed his petition on December 2, 2011, in which Petitioner raises the following allegations:

| | |
|---|---|
| GROUND ONE: | Was Defense Counsel ineffective for not obtaining or requesting a pschological[sic] evaluation for the Petitioner prior to advising him to plead guilty? |
| SUPPORTING FACTS: | See "Memorandum of Law" in support of Petition, hereto attached. |
| GROUND TWO: | Was the plea invalid due to the Plea Court making it conditional? |
| SUPPORTING FACTS: | See Memorad[um] of law: hereto affixed. |
| GROUND THREE: | Was Defense Counsel ineffective in failing to ensure that Petitioner voluntarily, intelligently, and knowingly entered the plea pursuant to the mandates set forth in Boykin and Rule 11, FRCrimp. |
| SUPPORTING FACTS: | See: Memorandum of Law, hereto affixed. |
| GROUND FOUR: | Was Defense Counsel ineffective for advising Petitioner to plead guilty when valid defenses existed to proceed to trial? |
| SUPPORTING FACTS: | See: "Memorandum of Law", hereto affixed. |

(Petition).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,
> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

6

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

The Respondent contends that the issues raised in this habeas petition are technically exhausted but are procedurally barred from federal habeas corpus review. First, Respondent asserts that Grounds Two, Three, and Four are procedurally barred because, even though they were raised in the PCR application, they were not ruled upon by the PCR court, and therefore, would not have been available for appellate review. Further, Respondent argues that all four grounds are procedurally bared because Petitioner failed to present them to the South Carolina Supreme Court in his Petition for Writ of Certiorari.

In his reply to the motion for summary judgment, Petitioner attempts to raise a new ground designated as Ground Five pertaining to "the State's recent change to Petitioner's sentence in retroactively applying a new law in violation of the Ex Post Fact Clause." (Response, p. 7). As to the procedural bar issue, Petitioner asserts that he filed an amended PCR application and Amended PCR initial brief and a "Motion to Address All Issues." (App. 40-66). Petitioner asserts that Grounds One, Two, Three, and Four are basically identical to the Issues presented to the State Court within the Amended [PCR] Brief." (Response, p. 17). In his response, Petitioner states that the PCR Court's Order of Dismissal decided on October 5, 2009, addressed the substance of the grounds "with the exception of Ground Two and Ground Five." Id. Petitioner argues that Ground Two was

a "novel question where South Carolina case law in conflict" and the factual basis for the issue in proposed "Ground Five"just arose. Therefore, Petitioner argues that he "fairly presented his constitutional grounds to State Courts by every means available to him. No 59(e) Motion was necessary as Petitioner filed a 'motion to Address All Issues' and Courts 'Order' addressed and reviewed the PCR application that contained the Motion. Petitioner made every known Motion to the State Supreme Court to have all Grounds One-Four reviewed , but all Motions were denied." (Response, p. 18-19).

Respondent filed a reply asserting that the new ground Petitioner attempts to raise in his response fails to state a claim upon which federal habeas relief can be granted under 28 U.S.C. §2254. Respondent asserts that since the new claims in Petitioner's proposed Ground Five do not attack his conviction, they cannot be properly raised in this action. Further, Respondent asserts this claim constitutes an improper amendment of the federal habeas petition as Petitioner cannot amend his habeas petition through arguments raised in his response in opposition for summary judgment.

Petitioner raised all four grounds raised in his federal habeas petition in his amended PCR application. However, the PCR Court did not make a ruling on all of the grounds raised in his PCR application and Petitioner did not file a Rule 59(e) with respect to the other three grounds. Even assuming *arguendo* that the PCR Court ruled on all four grounds raised in the application, the only ground raised in the petition for Writ of Certiorari was whether trial counsel was ineffective for failing to ask the court to reconsider the sixteen year sentence considering the mitigating circumstances. The issues raised in the amended PCR application were not raised in the petition for Writ of Certiorari. Thus, these issues are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Petitioner has not demonstrated cause and prejudice for his procedural default

of this claim. Accordingly, it is recommended that all four Grounds raised in this petition for writ of habeas relief be dismissed as procedurally barred

As to the proposed Ground Five Petitioner set forth in his response to the motion for summary judgment, the court will not consider this ground. Petitioner cannot amend his petition by way of his response to the motion for summary judgment. Furthermore, this issue has not been exhausted in the state courts and cannot be heard on federal habeas review.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED Respondent's motion for summary judgment (doc. #15) be GRANTED, and that the Petitioner's Petition for Writ of Habeas Corpus be DENIED, and the petition dismissed without an evidentiary hearing.

                                                               Respectfully submitted,

                                                        s/Thomas E. Rogers, III
                                                        Thomas E. Rogers, III
                                                        United States Magistrate Judge

May 1, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**'