# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| GARRIS E. AMERSON, ) | |
| ) | No. 4:11-cv-03266-DCN |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WARDEN STEVENSON, BROAD RIVER ) | |
| CORRECTIONAL INSTITUTE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on a motion for reconsideration brought by petitioner Garris E. Amerson. On December 2, 2011, Amerson, appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he received ineffective assistance of counsel and that his plea was invalid. Respondent filed a motion for summary judgment. On May 1, 2012, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation (R&R) recommending that this court deny Amerson's petition for a writ of habeas corpus and grant summary judgment in favor of respondent. Magistrate Judge Rogers formally notified Amerson that written objections were due within 14 days of service of the R&R (i.e., by May 18, 2012), and that the failure to file timely objections would result in a waiver of de novo review as well as the right to appeal from a judgment of this court based on the R&R.

The court did not receive objections by May 18, 2012. On May 23, 2012, the court adopted the R&R and granted defendant's motion for summary judgment. The docket reflects that on May 31, 2012, the clerk's office received Amerson's objections to

1

the R&R. On June 13, 2012, Amerson filed the instant motion for reconsideration, claiming that his objections were timely filed on May 18, 2012. No response was filed.

Amerson asks the court to reconsider its judgment under Federal Rule of Civil Procedure 60(b); however, because the motion for reconsideration was filed within 28 days of entry of judgment, the court construes Amerson's motion under Rule 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); Hicks v. Transit Mgmt. of Asheville, Inc., No. 11-94, 2012 WL 1313217, at *2 (W.D.N.C. Apr. 17, 2012). Rule 59(e) "provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. of Am. v. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

The first two prongs of Rule 59(e) are not at issue, as Amerson does not assert an intervening change in controlling law nor raise new evidence that was unavailable at trial. Thus, the court considers only whether there has been a clear error of law or manifest injustice. Amerson claims that he delivered his objections to the prison mailroom for mailing on May 18, 2012, but that because he failed to include the zip code on the mailing address, his objections were returned undelivered.

The court credits Amerson's argument that he attempted to mail his objections to the district court on May 18, 2012 because Amerson has provided the court with the original envelope, which is marked, "Received May 18, 2012 BRCI Mailroom." See

Pet.'s Mot. Recons. Ex. C. But the court did not receive Amerson's objections until May 31, 2012, and the question remains whether the objections were properly *filed* on May 18, 2012.

The prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), entitles a petitioner to a presumption of filing on the date he delivers his pleading to prison authorities for forwarding to the district court. This rule "applies to questions relating to the timing of a filing in a proper court," but it does not address errors such as mailing a pleading to an improper court. United States v. Kirkham, No. 08-10482, 2010 WL 667439, at *4 n.2 (5th Cir. Feb. 25, 2010); see also Cook v. United States, No. 11-320, 2012 WL 384887, at *2 n.3 (D.S.C. Jan. 6, 2012) (R&R) (emphasis added) ("[T]he policy behind the rule in Houston v. Lack is to protect the inmate from a defense that he filed too late in a situation *outside his control* . . . .").

The mailbox rule does not help Amerson because here, the error in failing to timely file the objections is solely attributable to Amerson, not prison officials. Amerson had the necessary information to successfully mail his objections to the district court. The R&R notified Amerson that,

> Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:
>
> > Larry Propes, Clerk
> > United States District Court
> > Post Office Box 2317
> > Florence, South Carolina 29503

R&R Ex. A. As courts have noted, "a *pro se* prisoner's act of misaddressing a court filing falls outside the umbrella of protection of the mailbox rule." Hill v. Jones, No. 06-13632, 2007 WL 1723606, at *2 n.6 (11th Cir. June 15, 2007). Without the benefit of the

3

mailbox rule, the court holds that Amerson's objections were not actually filed on May 18, 2012, and, therefore, the motion for reconsideration must be denied.

Even if the court were to construe Amerson's motion under Rule 60(b), as Amerson requests, the court would still find that reconsideration is not warranted. To obtain relief under Rule 60(b)(1) for excusable neglect, the moving party "must demonstrate . . . that he was not at fault." Home Port Rentals Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992); see also Robinson, 599 F.3d at 413 ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."). While courts have held that "lost mail resulting in the missing of a deadline" can equate to excusable neglect, United States v. Zapata-Vicente, No. 01-061, 2006 WL 2381959, at *4 (E.D. Va. Aug. 17, 2006), Amerson's objections were not lost but returned undelivered due to a mailing error. "Excusable neglect" has been construed to mean that a court "will grant relief only where the actions leading to the default were not willful, careless, or negligent." Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir. 1994) (internal quotation marks omitted). Again, the information needed to properly file the objections on time was within Amerson's possession, and the failure to properly address the objections was, at the very least, careless. For these reasons, the court finds that reconsideration is not warranted under Rule 60(b).[1]

---

[1] In addition to the considerations above, to achieve relief under Rule 60(b), Amerson would have to show that his motion is timely, that he has a meritorious claim or defense, and that respondent will not suffer unfair prejudice from setting the judgment aside. See Robinson, 599 F.3d at 412 n.12. Given that the court already conducted a review of the record and found that the magistrate judge's R&R accurately summarized the case and applicable law, and adopted the R&R, Amerson does not have a meritorious defense such that "if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." Coomer v. Coomer, No. 98-2236, 2000 WL 1005211, at *4 (4th Cir. July 20, 2000). In addition, many courts require "extraordinary circumstances" to reopen a judgment, and a misaddressed envelope surely is not an extraordinary circumstance. See Dowell

Based on the foregoing, the court **DENIES** petitioner's motion for reconsideration.

To the extent that a certificate of appealability is applicable to the present action, the court denies a certificate of appealability because, as the court stated in its previous order, petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 11, 2012
Charleston, South Carolina**

---

v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (requiring a showing of "exceptional circumstances"); United States v. Wences-Adame, No. 11-109, 2011 WL 2436119, at *1 (M.D. La. June 15, 2011) (holding that the mailbox rule did not apply when a prisoner misaddressed his § 2255 motion and that equitable tolling was not applicable because "no extraordinary circumstance prevented the defendant from filing his motion with the proper address").

[2] To obtain a certificate of appealability when a district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Amerson has not made the requisite showing.